1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| JEROME JULIUS BROWN, SR., | Case No. C19-1699RSM |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY A BAR ORDER SHOULD NOT ISSUE |
| v. | |
| RONALD T. FRANK, et al., | |
| Defendants. | |

This matter comes before the Court *sua sponte*. It has come to the Court's attention that Plaintiff Jerome Julius Brown has, in less than one year, filed 13 lawsuits in the Western District of Washington, including the present action. The Court has dismissed ten of these complaints so far as frivolous or otherwise failing to state a claim. The remainder are pending dismissal for frivolousness on reports and recommendation. Accordingly, the Court will order Plaintiff Brown to show cause within 21 days why the Court should not enter a vexatious litigant and standing bar order against him as more fully described below. The Court will begin by detailing the cases dismissed so far, not including the instant case.

Case No. 19-cv-295-RSM: Mr. Brown brings suit against the United States Postal Service and various postal officials. Dkt. #5. The facts and causes of action in this Complaint are not written in a coherent fashion. For "amount in controversy" Mr. Brown states "John Brennan title company, Liber 6261 Folio 844 being the same as Liber 5348 Folio 480 Pat(ies)

ORDER TO SHOW CAUSE - 1

Jerome Julie & Patricia Ann Brown no consideration to sell." *Id*. at 5. Mr. Brown is ordered to show cause why his case should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). He fails to respond. His case is dismissed.

Case No. 19-cv-1246-RAJ: Mr. Brown brings suit against the United States Marshal Service and others. The Court finds the complaint "largely incomprehensible." Dkt. #11. For example, Plaintiff alleges "Conflict of interest name Donald W. Washington. Conflict of interest not Washington but Capitol City, D.C.. Conflict of Interest, USDC Western District of Washington." Dkt. # 9 at 5. Mr. Brown's complaint is dismissed with leave to amend under 28 U.S.C. § 1915(e)(2)(B). He fails to amend. His case is dismissed.

Case No. 19-cv-1311-RSL: Mr. Brown brings suit against the United States Attorney General and others. The Report and Recommendation finds that the complaint is "difficult to decipher and does not appear to include any viable claims or basis for jurisdiction or venue in this Court." Dkt. #4. For example, Plaintiff "identifies Maryland as his place of residence, names government officials and attorneys located in Virginia, the District of Columbia, and Maryland as defendants, alleges a conspiracy to defraud the United States and conversion of property in Maryland and/or Virginia, and includes documents associated with criminal issues and district court filings in the states in which the parties reside." *Id*. The R&R goes on to note that Plaintiff Brown "has a history of filing numerous, repetitive, and frivolous lawsuits in the federal courts across the country" and that "at least three other district courts have limited plaintiff's ability to file new cases." *Id*. The R&R recommends dismissal under 28 U.S.C. § 1915(e)(2)(B). Cases 19-cv-01655-RAJ and 19-cv-01755-JCC similarly recommend dismissal on an R&R.

ORDER TO SHOW CAUSE - 2

19-cv-01330-JCC: Mr. Brown brings suit against a magistrate judge and others in the District of Columbia seeking $5,858,000.00 in damages. The Court points out that defendants are likely immune from suit and states "[n]one of the Defendants reside in this district, Plaintiff's perfunctory statement of his claim does not demonstrate that a substantial part of the events underlying his claims occurred here, and Plaintiff has not demonstrated that any of the Defendants are subject to the Court's personal jurisdiction." Dkt. #7. The Court orders Plaintiff to amend within 21 days. He fails to do so. The case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

19-cv-01331-JLR: Mr. Brown brings suit against the postmaster general and others. His proposed complaint is "difficult to decipher and does not appear to include any viable claims or basis for jurisdiction or venue in this Court." Dkt. #5. He identifies Maryland as his place of residence, names as defendants officials, employees, and a division all associated with the United States Post Office and located in Virginia and the District of Columbia, appears to allege some type of fraud and/or property damage, and includes documents associated with district court cases and other issues in the states in which the parties reside. Dismissal is recommended in an R&R, Mr. Brown fails to file objections, and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

19-cv-01416-RSM: Plaintiff's proposed complaint is "difficult to decipher and does not appear to include any viable claims or basis for jurisdiction or venue in this Court." Dkt. #5. He identifies Maryland as his place of residence, names as defendants several individuals also located in Maryland, appears to allege a breach of contract, and includes documents associated with district and circuit courts in Maryland. *Id*. Dismissal is recommended in an R&R, Mr. Brown fails to file objections, and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDER TO SHOW CAUSE - 3

19-cv-01484-JCC: Plaintiff brings suit against the Administrative Office of the U.S. Courts and others. Plaintiff's proposed complaint is largely incomprehensible and does not appear to allege a viable claim. The complaint appears to be for employment discrimination, however, when asked to provide a statement of Plaintiff's claim, Plaintiff stated "FCC Case ID H00000002197974 Summary Coordinators Clarification Solutions Public Safety 911 Communications Police, EMS Fire Department Brown County FCC Licensing." Dkt. #1-1 at 4. Dismissal is recommended in an R&R, Mr. Brown fails to file objections, and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

19-cv-01503-RSM: Plaintiff's proposed complaint is "difficult to decipher, and appears to allege some kind of fraudulent conversation of property." Dkt. #4. He also failed to sign the proposed complaint and it does not appear to include any viable claims or basis for jurisdiction and venue in this Court. Dismissal is recommended in an R&R, Mr. Brown fails to file objections, and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

19-cv-01593-JLR: Mr. Brown again brings suit against the United States Attorney General and others. Plaintiff's proposed complaint is largely incomprehensible and does not appear to allege a viable claim. The complaint purports to seek a writ of mandamus to compel the Director of the FBI "to perform a dutie [sic] owed to Plaintiff Badge as FBI Unit." Dkt. 1-1 at 1. When asked to provide a statement of his claim, Plaintiff states only: "Classified AA AA TT01 01 05 AA AA 02 05 04TTR by Director Louis I. Freeh. Court of Appeals Case No. 18-5052 Granted Complaint FBI Director. Court of Appeals Case No. 18-05164 Granted Employment Job Discrimination Cause title 42 USCS 2000 E." *Id.* at 4. Dismissal is recommended in an R&R, Mr. Brown fails to file objections, and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDER TO SHOW CAUSE - 4

19-cv-01694-JCC: Mr. Brown brings suit against parking enforcement, police officers, and various judicial officers.  Plaintiff's proposed complaint alleges that defendant "Parking enforcement" owes Plaintiff $20,000. Dkt. #1-1 at 5. To support this claim, Plaintiff alleges "Takoma Park Police Department citizen complaint form, not log#, no date received, no receiving supervisor." *Id.*  Dismissal is recommended in an R&R, Mr. Brown fails to file objections, and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The above cases demonstrate that Plaintiff has committed litigation misconduct by filing numerous frivolous actions and refusing to respond to the Court's orders to clarify his claims.  All of Plaintiff's prior actions have resulted in dismissals for failure to state a claim upon which relief may be granted and for frivolousness.  Plaintiff's actions have placed an unwarranted burden on this district and follow a pattern. In each action, Plaintiff filed a complaint that fell well short of meeting basic notice pleading requirements under Federal Rule of Civil Procedure 8, and otherwise violated 28 U.S.C. § 1915(e)(2)(B).  When ordered to amend his pleading or show cause why the case should not be dismissed, he failed to file a new pleading, objections, or some other coherent response.

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  A vexatious litigant order should be entered when (1) the litigant has received notice and a chance to be heard before the order is

ORDER TO SHOW CAUSE - 5

entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1147-48; *Molski*, 500 F.3d at 1057.

Given all of the above, the Court now ORDERS that Mr. Brown is to SHOW CAUSE why a vexatious litigant bar order should not issue in this district. Specifically, such a bar order would include the following restrictions: 1) all of Plaintiff's future pro se complaints in this district are to be filed under a miscellaneous case number specifically designated for this purpose pending the Court's review of each such complaint; 2) the Clerk will not issue summons in any pro se action of Plaintiff without approval of the Court; 3) the Court may dismiss any future pro se complaint upon a finding that the complaint suffers from the same effects outlined above without issuing an order to show cause. Mr. Brown's Response is due no later than **21 days** from the date of this Order and may not exceed **12 pages**. No attachments are permitted. Failure to file this Response will result in the issuance of the above bar order.

DATED this 15th day of November, 2019.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 6